**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MERCEDES LINAREZ ZALDIVAR,
AKA Mersedes Linarez Zaldivar, AKA
Sara Oneyda,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   13-74375

Agency No. A087-539-714

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023[**]
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

     Mercedes Linarez Zaldivar (Linarez), a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' (BIA) decision

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her appeal of the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Linarez's applications were based on past harm and fear of future harm on account of her support for Manuel Zelaya, the former President of Honduras who was forcibly removed in the 2009 coup d'état.

"Where the BIA affirms the IJ and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022) (citation and internal quotation marks omitted). "We review legal questions de novo" and "factual determinations . . . for substantial evidence." *Id.* We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

The viability of Linarez's petition largely hinges on whether her experiences in Honduras constituted past persecution. "[T]he standard of review for past persecution is currently unsettled. . . ." *Antonio v. Garland*, 58 F.4th 1067, 1072 n.8 (9th Cir. 2023); *compare Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (reviewing de novo), *with Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (applying the substantial evidence standard). But, "we need not address whether de novo review should apply, or discuss the nuances of the two standards, because the harm [Linarez] suffered" did not rise to the level of persecution under

either standard. *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2022), *as amended* (citation and alteration omitted).

1.      Linarez contends that the following events rose to the level of persecution: (1) beating protestors with rubber sticks and using tear gas and water hoses at a political protest she attended; (2) a passenger in a passing car pointing a gun at her and looking at her in a "threatening manner"; and (3) armed men taking her from her home against her will and threatening her. "[L]ooking at the cumulative effect" of these incidents, we conclude that they do not rise to the level of past persecution. *Sharma*, 9 F.4th at 1061–65 (citation omitted).

"Persecution is an extreme concept," *Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021) (citation and internal quotation marks omitted), evidenced by "repeated, lengthy and severe harassment." *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006). Linarez's kidnapping lasted approximately five minutes before she escaped. *See Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding that a brief detention was insufficient to establish past persecution). Nor was there any serious physical harm inflicted upon Linarez during the kidnapping or the protests. *See Sharma*, 9 F.4th at 1061 (recognizing the repeated denial of petitions "when, among other factors, the record did not demonstrate significant physical harm") (citations omitted). There was no evidence linking the incident with the

3

passing car to Linarez's political opinion. And the death threats, without more, ordinarily do not "require a finding of past persecution." *Aden*, 989 F.3d at 1082 (citations omitted); *Cf. Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005) (holding that a police officer bringing a loaded gun to a petitioner's head and threatening to pull the trigger while making negative comments about petitioner's sexuality was a death threat constituting persecution, and the IJ erred as a matter of law by concluding otherwise).

    **2.** Absent a showing of past persecution, Linarez was required to establish "a well-founded fear of future persecution." *Sharma*, 9 F.4th at 1065 (citation omitted). The fear "must be objectively reasonable." *Id.* Linarez failed to satisfy this standard. There is no evidence in the record that the people Linarez fears have any continuing interest in her specifically. *See Gu*, 454 F.3d at 1022 (observing that the record did not compel the conclusion that the petitioner established a well-founded fear of future persecution when the record was "devoid of any evidence" that the alleged persecutors had any continuing interest in the petitioner). The denial of asylum was supported by substantial evidence. *See id.* at 1019.

    **3.** To qualify for withholding of removal, Linarez must demonstrate a "clear probability" of persecution based on a protected ground. *Sharma*, 9 F.4th at

1059.  This standard is "more stringent" than the well-founded fear standard for asylum.  *Id.* at 1066 (citation omitted).  Because Linarez failed to satisfy the "lesser burden" for asylum, her withholding of removal claim necessarily fails.  *Id.*  And because the BIA concluded that there was no nexus to a protected ground, we need not address the different nexus standards for asylum and withholding of removal.  *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

**4.**　　We deny Linarez's petition as to her CAT claim because she failed to raise any challenge to the BIA's denial of CAT protection in her opening brief.  *See Alcaraz v. I.N.S.*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in [the petitioner's] opening brief. . . .") (citation and internal quotation marks omitted).

**5.**　　Finally, we reject as unsupported by the record Linarez's contention that the agency ignored, or otherwise declined to address, her request for voluntary departure.  Linarez explicitly informed the IJ that she did not seek voluntary departure.

**PETITION DENIED.**